[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9471
Plaintiff, Town of East Hartford (the Town), appeals a decision of the defendant East Hartford Personnel Board of Appeals (the Board) reversing the Town's decision to discontinue and recoup temporary total disability benefits which had been paid to defendant Bruce Ryalls. The appeal is brought pursuant to General Statutes 7-422. Also named as defendants are: Bernard F. McGovern, Jr., Chairman of the Board; E. Charles Stebbins and John Johnston, members of the Board; Robert Perreault, Sr., Robert Kiely and Lori Cerone, alternate members of the Board; and Theodore Blazinski, President of International Association of Firefighters Local 1548, AFL-CIO (Local 1548). Local 1548 represents all uniformed and investigating positions in the East Hartford Fire Department (Department), except those of Chief and Assistant Chief. Defendant Ryalls is a member of Local 1548 and an employee of the Department. The court finds in favor of the defendants.
Certain essential facts are undisputed. Ryalls suffered a job related injury on July 3, 1990, and began receiving total disability payments from the Town pursuant to the collective bargaining agreement between the Town and Local 1548 (the Contract) and the workers' compensation statutes. On July 9, July 25, August 10, and August 28, 1990, Ryalls' physician gave him written permission to return to duty subject to certain physical restrictions (characterized by the parties as "light duty"). Ryalls failed to seek "light duty", however, from the Department or elsewhere. The Town thereupon discontinued disability payments to Ryalls, effective August 15, 1990.
On September 7, 1990, Ryalls returned to full duty. On February 21, 1991, the Town notified Ryalls that it would charge him "sick time" for the period August 15 to September 7, 1990, to recoup payments that it had made during that period. According to a stipulation by the parties at oral argument on this appeal, Ryalls followed the steps required by the Contract and the Town's Personnel Rules and Merit System (the Rules) as preliminary to appealing to the Board. He then did appeal the Town's discontinuance of disability payments to the Board, which sustained his appeal on September 4, 1991. The only CT Page 9472 memorandum of the Board's decision reads, in its entirety, as follows:
 At its meeting of September 4, 1991, the Board unanimously sustained the grievance of East Hartford Firefighters, Local 1548, on behalf of Bruce Ryalls, regarding light duty work dated May 6, 1991 (McGovern, Perrault, Cerone voted to sustain).
In its brief on appeal, the Town advances three bases for its appeal to this court: (1) that the Board did not have jurisdiction to hear Ryalls' appeal under the Rules and the Contract; (2) that Ryalls failed to comply with the workers' compensation statutes, which exclusively establish his eligibility for disability payments; and (3) that Article XII, Section 1, of the Contract does not provide disability payments to an employee who is able to perform "light duty."
With respect to the question of the Board's jurisdiction, section 50.1 of the Town's Rules provides that the Board shall hear the appeal of an employee who asserts a "grievance relative to rate of pay, hours of work, or working conditions." Article IV, Section 1, of the Contract, furthermore, provides that the union may appeal to the Board in case of a grievance concerning an employee's "wages, hours or conditions of employment as agreed to hereunder". Article XII, section 1, of the Contract provides for the disability payments that were in dispute. Clearly, Ryalls' appeal to the Board in this case concerned his wages and conditions of employment as specified in the Contract, matters within the specific jurisdiction of the Board. The Town's argument in this regard, therefore, cannot be sustained.
The Town's argument concerning the exclusivity of the workers' compensation statutes is based on the procedure it followed in administering disability payments. Under this procedure, the Town pays the disabled employee his full salary, as required by Article XII, Section 1, of the Contract, and then collects and retains two-thirds of that amount from its workers' compensation insurance carrier, which provides benefits pursuant to General Statutes 31-307. In effect, the Town insures two-thirds of its liability under the Contract through the workers' CT Page 9473 compensation insurance plan and self-insures the remaining one-third. All of the parties to this case stipulated that that has been the procedure followed by the Town, and defendant Ryalls conceded at oral argument on this appeal that he does not dispute the Town's right to reimbursement to the extent that it collects from its insurance carrier. However, the Town contends that the workers' compensation statutes exclusively control an employee's right to receive disability payments, including any rights under the Contract. Thus, it argues, if the employee's case is not eligible for benefits under the workers' compensation statutes, the Town is not liable to pay benefits under the Contract. In this case, the Town contends, Ryalls lost his eligibility for workers' compensation benefits when he failed to seek "light duty" work as permitted by his physician. Therefore, it argues, it is exempt from liability under the Contract as well.
The flaw in the Town's argument concerning the applicability of workers' compensation rules to the provisions of Article XII of the Contract is that the applicable statutes do not supersede collective bargaining agreements which provide more liberal benefits. Specifically, General Statutes 31-284(a) provides, in relevant part, that "nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits." The effect of this statute in this case is to permit Ryalls to enforce the disability benefits provided by the Contract by appealing to the Board. The Town's contention to the contrary may not be sustained.
The Town's final argument is that the Board misinterpreted Article XII, Section 1, of the Contract. That section reads, in relevant part, as follows:
 Each employee who is injured or disabled in the performance of his/her duties shall be entitled to injury leave, with full pay, from the date of injury until such time as he/she is able to return to duty or reaches maximum medical improvement, whichever comes first. . . .
CT Page 9474
Unlike the workers' compensation statutes, the Contract does not distinguish between total and partial disability, nor does it contain any provisions relating to "light duty" or a reduction in disability benefits for those able to perform only "light duty". The Contract also does not contain any provisions which specifically or by implication support the Town's argument that its liability under Article XII is based on the same criteria as those governing workers' compensation claims. Under these circumstances, it was not unreasonable for the Board to interpret the Contract as providing an independent, more liberal disability benefit than the workers' compensation statutes. That interpretation was that the Town is liable for the employee's full salary until he or she is able to return to duty in the fire department. In applying that interpretation to the present case, the Board had in evidence before it the job description setting forth Ryalls' duties in the fire department and statements from his physician regarding limitations on his physical abilities. The Board had, therefore, evidence to support a finding that Ryall was not "able to return to duty", as that phrase is used in the Contract, during the period in question. Its decision in that regard was not, therefore, unreasonable, arbitrary, or capricious.
For all of the above reasons, the Town's appeal is dismissed.
Maloney, J.